**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION**

NICOLE ROSELLA SPOR,        )
                                   )
        **Petitioner,**        )
                                   )
**v.**                             )           **CIVIL ACTION NO. 1:16-05310**
                                   )
**WARDEN,**            )
                                   )
        **Respondent.**      )

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241.[1] (Document No. 1.) By Standing Order, this matter was referred to a United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application be dismissed.

## FACT AND PROCEDURE

Petitioner was arrested by State authorities on May 1, 2013, and held in State custody. (Document No. 10, p. 17.) On August 27, 2013, Petitioner was named in a 45-count Indictment filed in the United States District Court for the Northern District of West Virginia. (Id., p. 13.) On September 13, 2013, Petitioner was borrowed pursuant to a Federal Writ of *Habeas Corpus Ad Prosequendum* from the State of West Virginia. (Id., pp. 19 - 22.) Following Petitioner's Initial Appearance on her Federal charges, Petitioner was placed on a Federal recognizance bond and

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

returned to State custody (Case No. 13-F-76). (Id., pp. 20 - 22.) On December 18, 2013, the State court sentenced Petitioner to one (1) to (3) years imprisonment and granted her jail credit for 223 days. (Id., p. 24 - 26.) On February 18, 2014, the United States District Court for the Northern District of West Virginia imposed a 78-month term of imprisonment to run concurrently with Petitioner's State sentence in Case No. 13-F-76. (Id., pp. 28 - 33.) The Federal sentencing judge recommended that the BOP grant Petitioner credit for time served in custody since May 1, 2013, to the current date of sentence. (Id., p. 29.) On February 26, 2014, Petitioner was designated to the West Virginia Department of Corrections for commencement of her Federal sentence beginning February 18, 2014. (Id., p. 35.) On February 18, 2015, the District Court for the Northern District of West Virginia granted Petitioner a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). (Id., p. 41.) Specifically, Petitioner's Federal sentence was reduced from 78-months to 63-months. (Id.) Subsequently, the BOP updated Petitioner's sentence computation commencing her 63-month Federal sentence on February 18, 2014, the date the sentence was imposed. (Id., pp. 43 – 45.)

On June 10, 2016, Petitioner filed her instant Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* By a Person in State or Federal Custody. (Document No. 1.) Specifically, Petitioner argues that the BOP is denying her "jail credit from a jail sentence to run concurrent from December 18, 2013, to February 17, 2014." (Id., p. 2.) Petitioner explains that on February 18, 2014, she was "sentenced to 78 months with the sentence to be run concurrent to the State charge and to be credited since the first day of incarceration (5-1-13)." (Id., p. 6.) Petitioner complains that the BOP is only granting her jail credit from "12-18-13 to 2-17-14." (Id., p. 7.) As relief, Petitioner requests that she "be given proper jail credit from 12-18-2013 thru 2-17-2014." (Id.)

As Exhibits, Petitioner attaches the following: (1) A copy of her "Sentence Monitoring Computation Data As Of 04-28-2015" (Document No. 1-2, pp. 1 – 3.); (2) A copy of Petitioner's "Informal Resolution Process" (Id., pp. 4 – 5.); (3) A copy of Petitioner's "Request for Administrative Remedy" dated June 22, 2015 (Id., p. 6.); (4) A copy of Warden T.A. Jones' Response dated June 30, 2015 (Id., p. 7.); (5) A copy of Petitioner's "Regional Administrative Remedy Appeal" dated July 7, 2015 (Id., p. 8.); and (6) A copy of the Regional Director's Response dated August 6, 2015 (Id., p. 9.).

By Order entered on July 12, 2016, the undersigned ordered that Respondent file an Answer to the allegations contained in the Petitioner's Application and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 7.)

On August 16, 2016, Respondent filed his Response to the Order to Show Cause. (Document No. 10.) Respondent argues that Petitioner's Petition should be dismissed based on the following: (1) "Petitioner failed to exhaust administrative remedies" (Id., pp. 4 – 5.); (2) "Petitioner's Federal Sentence commenced on February 18, 2014" (Id., pp. 5 - 7.); and (3) "Petitioner is not entitled to additional prior custody credit" (Id., pp. 7 - 9.).

As Exhibits, Respondent files the following: (1) The Declaration of David Miranda (Id., pp. 12 - 15.); (2) A copy of Petitioner's "Detailed Offender Information" (Id., p. 17.); (3) A copy of a "Writ of Habeas Corpus Ad Prosequendum" from the Northern District of West Virginia (Id., p. 19.); (4) A copy of USMS Form 129 (Id., pp. 21 – 22.); (5) A copy of the Sentencing Order as filed in the Circuit Court of Randolph County (Id., pp. 24 – 26.); (6) A copy of the "Judgment in a Criminal Case" as filed in the Northern District of West Virginia (Id., pp. 28 – 33.); (7) A copy

3

of the U.S. Department of Justice's "Designation of Sentence Computation Center" dated February 26, 2014 (Id., p. 35.); (8) A copy of the Petitioner's "Sentence Monitoring Computation Data as of 04-06-2015" (Id., pp. 37 - 39.); (9) A copy of an "Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)" as filed in the Northern District of West Virginia (Id., p. 41.); (10) A copy of Petitioner's "Public Information Inmate Data As of 07-18-2016" (Id., pp. 43 – 45.); (11) A copy of Petitioner's "Administrative Remedy Generalized Retrieval" (Id., pp. 47 – 48.); and (12) A copy of Petitioner's "Willis/Kayfez Calculation Worksheet" (Id., pp. 50 – 51.).

By Order and Notice entered on August 19, 2016, the undersigned advised Petitioner of her right to file a Reply to Respondent's Response. (Document No. 11.) On September 29, 2016, Petitioner filed her Reply to Respondent's Response. (Document No. 12.) Citing her Federal Judgment Order, Petitioner again argues that she is entitled to Federal credit beginning from the first day of her incarceration (May 1, 2013), through February 18, 2014 (date of Federal sentence). (Id.) Petitioner further states that she signed the Plea Agreement in October 2013, but she was not sentenced until February 18, 2014 due to "several snow storms." (Id.) Petitioner states that her "only complaint" is that she was "told by my judge I would receive all jail credit." (Id.) Thus, Petitioner argues that she is entitled to Federal credit for December 18, 2013, through February 17, 2014. (Id.) As an Exhibit, Petitioner attaches a copy of her "Sentence Monitoring Computation Data As of 04-10-2015" (Id., pp. 3 – 5.)

## ANALYSIS

### 1.      Failure to Exhaust:

First, Respondent argues that Petitioner has failed to exhaust her administrative remedies.

(Document No. 10, p. 4 - 5.) In support, Respondent submits the Declaration of Mr. David

Miranda, an Operations Manager at the Designation and Sentence Computation Center in Grand

Prairie, Texas. (Id., pp. 12 – 15.) Mr. Miranda declares that in his position he has access to

SENTRY, the Bureau of Prisons' online system containing, among other things, information about

inmates' administrative remedy filings. (Id., p. 12.) Specifically, Mr. Miranda states as follows in

his Declaration:

* * *

27.     A review of SENTRY, the BOP's record system, shows that Petitioner filed
        an administrative remedy requesting jail credit at the institutional level (BP-
        9) (Remedy ID No. 825603-F1) on June 23, 2015.

28.     The remedy was closed for explanational purposes on June 30, 2015.

29.     Petitioner appealed the remedy request to the Regional Office (BP-10) level
        (Remedy ID 825603-R1) on July 13, 2015, where it was denied on August
        6, 2015.

30.     Petitioner then appealed to the Central Office level (BP-11), filing Remedy
        ID 825603-A1 on September 9, 2015.

31.     The request was rejected at the Central Office Level and Petitioner never
        re-filed, appealed, or filed any further remedies.
        * * *

(Id., p. 14.) In her Reply, Petitioner does not dispute that she failed to fully exhaust her

administrative remedies." (Document No. 12.)

    Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, Courts

consistently require prisoners to exhaust their administrative remedies prior to seeking *habeas*

review under Section 2241. See McClung v. Shearin, 90 F. Appx. 444, 445 (4th Cir.

2004)(unpublished)(citing Carmona v. Bureau of Prisons, 243 F.3d 629, 634 (2nd Cir. 2001));

Pelissero v. Thompson, 170 F.3d 442, 445 (4th Cir. 1999); Fuller v. Rich, 11 F.3d 61, 62 (5th Cir.

1994). Exhaustion allows prison officials to develop a factual record and an opportunity to correct their own errors before being haled into Court. See Jones v. Bock, 549 U.S. 199, 204, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); McCarthy v. Madigan, 503 U.S. 140, 144-45, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992). The purpose of exhaustion, however, is frustrated "[w]hen an inmate attempts to exhaust an issue before the issue is ripe for review [because] the BOP is deprived of its opportunity to properly address the issue before being haled into court." Specter v. Director, 2010 WL 883733, * 4 (D.S.C. Mar. 5, 2010)(slip copy)(finding that petitioner failed to properly exhaust his claim for RRC placement because "no recommendation or decision had been made in his case yet and would not occur until 17 to 19 months prior to his anticipated release date").

The BOP has established an Administrative Remedy Program, 28 C.F.R. § 542.10, *et seq.*, through which an inmate may seek formal review of issues or complaints relating to confinement. Depending upon at what level an inmate initiates it, the BOP's Administrative Remedy Program is a three-step or four-step grievance procedure. As a general matter, a federal inmate is required first to attempt to resolve his complaints informally by the submission of an "Inmate Request to Staff Member" form. 28 C.F.R. § 542.13. The inmate's request may be rejected if improper, and the inmate will then be advised of the proper administrative procedure. Id. Within 20 days after the circumstances occurred which are the subject of the inmate's complaints, the inmate must complete this first step and submit a formal "Administrative Remedy Request" on a BP-9 form to an institution staff member designated to receive such Requests, 28 C.F.R. § 542.14(a) and (c)(4), or under exceptional circumstances to the appropriate Regional Director. Id., § 542.14(d). The Warden of the institution and the Regional Director must respond to the inmate's Request within 20 and 30 days respectively. Id., § 542.18. If the inmate's Request was directed to the Warden of

6

the institution and the Warden's response is unfavorable, the inmate may appeal within 20 days to the Regional Director on a BP-10. Id., § 542.15(a) and (b). If the Regional Director's response is unfavorable, the inmate may appeal to General Counsel on a BP-11 form within 30 days after the Regional Director signed the response. Id., § 542.15(a). General Counsel has 40 days to respond to the inmate's appeal. Id., § 542.18. The administrative process is exhausted when General Counsel issues a ruling on the inmate's final appeal. Id., § 542.15(a). The entire process takes about 120 days to complete. An inmate's submission may be rejected at any level for failure to comply with the administrative remedy requirements or if the submission is written in an obscene or abusive manner. Id., § 542.17(a). The inmate will be provided with notice of any defect and whether the defect is correctable. Id., § 542.17(b). If a request or appeal is rejected and the inmate is not given an opportunity to correct the defect and resubmit, the inmate may appeal the rejection to the next appeal level. Id., § 542.17(c).

The undersigned finds that Petitioner failed to fully exhaust her administrative remedies prior to filing the instant action. Petitioner does not appear to dispute that she failed to complete grievance process. Furthermore, a review of the BOP's "Administrative Remedy Generalized Retrieval" reveals that Petitioner failed to fully exhaust her administrative remedies. (Document No. 10, pp. 47 - 48.) Based on the foregoing, the undersigned finds that Petitioner failed to fully exhaust her administrative remedies and her Petition should be dismissed. Notwithstanding the foregoing, the undersigned will consider the merits of Petitioner's claim.

**2.      Petitioner's Federal sentence did not commence until February 18, 2014.**

Title 18 U.S.C. § 3585(a) governs the date a federal sentence commences. Section 3585(a) provides as follows: "A sentence to a term of imprisonment commences on the date the defendant

is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." A federal sentence, however, cannot commence prior to the date it is pronounced even if made concurrent with a sentence already being served. Miramontes v. Driver, 243 Fed.Appx. 855 (5th Cir. 2007)(finding that "defendant was not entitled to credit against subsequently imposed sentence for time served which had previously been credited against first-imposed sentence, despite second sentencing court's order that sentences at issue be served concurrently"); Coloma v. Holder, 445 F.3d 1282 (11th Cir. 2006)(finding that petitioner's sentence on second conviction that was ordered to run concurrently with his sentence on related first conviction, was not retroactive to the beginning of the first sentence); United States v. LaBeilla-Soto, 163 F.3d 93, 98 (2nd Cir. 1998)(finding that "the district court had no authority to grant defendant sentencing credit for time he spent in federal custody before sentencing"); United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980)(stating that a federal sentence "cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served"); Shelvy v. Whitfield, 718 F.2d 441, 444 (D.C.Cir. 1983)(stating that "a federal sentence made concurrent with a sentence already being served does not operate in a 'fully concurrent' manner. Rather, the second sentence runs together with the remainder of the one then being served"). Thus, Petitioner's Federal sentence could not commence prior to the date of its imposition on February 18, 2014. Although the District Court ordered that Petitioner's Federal sentence was to run concurrently with her State sentence, Petitioner's sentences may not run fully concurrently.

Upon special circumstances, the Attorney General or the BOP may enter a nunc pro tunc designation allowing a Federal sentence to begin to run while an inmate is in State custody. See

18 U.S.C. § 3621(b); United States v. Evans, 159 F.3d 908, 911-12 (4ᵗʰ Cir. 1998)(finding that a federal sentence may commence while an inmate is in state custody "if and when the Attorney General or the Bureau of Prisons agree to designate the state facility for service of that federal sentence"). In the instant case, the District Court ordered that Petitioner's Federal sentence was to run concurrent with Petitioner's State sentences. Based upon a review of the record, the Court finds that the BOP appropriately made a nunc pro tunc designation by deeming Petitioner's Federal sentence to have commenced on February 18, 2014. Thus, the BOP has appropriately made a nunc pro tunc designation by giving Petitioner Federal credit for time served in State custody regarding her concurrent Federal sentence.

**3.     Petitioner is not entitled to additional prior custody credit.**

Title 18 U.S.C. § 3585(b) provides as follows:

**(b) Credit for prior custody. --** A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - -

> **(1)** as a result of the offense for which the sentence was imposed; or
>
> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not be credited against another sentence.

The United States Supreme Court has held that under Section 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." Wilson, 503 U.S. at 337, 112 S.Ct. at 1355 - 1356; also see United States v. Mojabi, 161 F.Supp.2d 33, 36 (D.Mass. 2001)(holding that "[s]ection 3885(b) prohibits 'double credit,' i.e. awarding credit for presentence time served against one sentence if that time has already been credited against another sentence"). Notwithstanding the limitation imposed under Section 3585(b), the Fifth and Seventh Circuits

indicated that a petitioner was entitled to time spent in *presentence* State custody that was attributable to the federal offense even if the petitioner was given credit on his State sentence for that period of time. See Kayfez v. Gasele, 993 F.2d 1288, 1290 (7th Cir. 1993)(even though defendant received state credit for his presentence custody, the court found defendant was entitled to credit against his federal sentence for all his presentence incarceration because defendant's sentences were concurrent and crediting only the state sentence would not reduce defendant's actual imprisonment); Willis v. United States, 438 F.2d 923, 925 (5th Cir. 1971)(reasoning that even though the State gave petitioner credit for his presentence custody, petitioner did not receive a benefit because his State sentence expired before his federal sentence). Pursuant to Kayfez, the BOP grants prior custody credit, even if it results in a double-credit toward a State sentence, when three conditions are met: (1) a prisoner's State and Federal sentence are run concurrently; (2) the raw effective full term date of the State term is later than the raw effective full term date of the Federal term; and (3) the State raw full term date, after application of qualified State presentence time, is reduced to a date that is earlier than the Federal raw effective full term date. See Program Statement 5880.28. If the above conditions are met, credit is awarded towards the Federal sentence in the amount that will adjust the Federal raw full term release date to equal the State sentence's effective full term date. The BOP, however, is not required to award Federal pre-sentence credit for time served after the commencement of the State sentence. Kayfez v. Casele, 993 F.2d 1288, 1290 (7th Cir. 1993).

In the instant case, the Court finds that Petitioner properly received pre-sentence credit against her Federal sentence for May 1, 2013 (the day she was arrested by State authorities) to December 17, 2013 (the date prior to the imposition of State sentence). (Document No. 10, p. 45.)

10

Similar to the petitioner in Grigsby, Petitioner's reliance upon Kayfez and Willis is misplaced because the time she is seeking credit for is not "*Willis* time." See Grigsby, 223 Fed.Appx. at 489. Petitioner is seeking Federal credit for time served after the commencement of her State sentence, but before the imposition of her Federal sentence. Petitioner received credit towards her State sentence for the time period of December 18, 2013, through February 17, 2014. The BOP may not grant prior custody credit for time that has been credited against another sentence. See DeJesus v. Zenk, 2010 WL 1141395 (3rd Cir. Mar. 25, 2010)(slip copy)(stating "that the reasoning in the '*Willis/Kayfez* line of cases' does not permit federal credit for time served 'after the state sentence was imposed but before the federal sentence was pronounced'")(citing Rios v. Wiley, 201 F.3d 257, 273 n. 13 (3rd Cir. 2000), *superseded on other grounds*, United States v. Saintville, 218 F.3d 246 (3rd Cir. 2000)); United States v. Goulden, 54 F.3d 774 (4th Cir. 1995)(unpublished opinion)(holding that credit is only available for time spent in custody which has not been credited against another sentence); United States v. Brown, 977 F.2d 574 (4th Cir. 1992)(finding that "a defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence"). Based on the foregoing, the undersigned finds that Petitioner is not entitled to Federal credit for December 18, 2013, through February 17, 2014.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 1), and **REMOVE** this matter from the

Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and transmit a copy to counsel of record.

ENTER: January 25, 2017.

Omar J. Aboulhosn
United States Magistrate Judge